**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**

**JEFFREY LEON PERRY,**

            **Defendant**

NO. 5: 07-CR-27 (WDO)

VIOLATION: Drug Related

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Clinton Alan Wheeler of the Macon Bar; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Service Report dated May 8, 2007, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☒ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☒ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated May 8, 2007, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant PERRY and the safety of the community were he to be released from custody at this time. The offense charged against defendant PERRY is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty; his estimated guideline sentencing range is 168 to 210 months in prison. The weight of evidence is strong; the government's case is based in part upon a purchase of cocaine on December 11, 2006, directly from defendant PERRY by an undercover law enforcement agent and a cooperating witness.

Defendant PERRY has a significant record of arrests and convictions going back to 1980. He has felony convictions which include: BURGLARY, 1981, SUPERIOR COURT OF BLECKLEY COUNTY, GEORGIA (YOUTHFUL OFFENDER ACT); THEFT BY TAKING, 1983, Superior Court of Houston County, Georgia; THEFT BY TAKING, 1988, Superior Court of Pulaski County, Georgia; POSSESSION OF A FIREARM BY A CONVICTED FELON, 1991, U. S. District Court for the Middle District of Georgia; POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE, 1996, U. S. District Court for the Middle District of Georgia. In addition, he has a history of revocation of probation (twice) in his 1988 Pulaski County conviction and of revocation of his sentence of supervised release in his 1996 federal drug conviction.

For the foregoing reasons, and because defendant PERRY has exhibited a propensity to involve himself in illegal activity over a 25 year period of time, pretrial detention is mandated and is SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant PERRY be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility PERRY deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 9th day of MAY, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE